IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 1, 2023

## DAVID L. RICHMAN, ET AL. v. JOSHUA DEBITY, ET AL.

**Appeal from the General Sessions Court for Blount County**
**No. 35903     Robert Lowell Headrick, Judge**

_____

**No. E2022-00908-COA-R3-CV**

_____

This case began with the filing of a "Civil Warrant Restraining Order" in general sessions court. The defendants then filed a petition to dismiss pursuant to the Tennessee Public Participation Act, Tenn. Code Ann. § 20-17-101, *et seq*. The plaintiffs filed a response, asking the court to deny the TPPA petition to dismiss. After an evidentiary hearing, the trial court entered an order denying the defendants' TPPA petition for reasons set forth in an attached transcript. We vacate the trial court's order and remand for the trial court to enter an order setting forth the reason for the trial court's decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the General Sessions Court Vacated and Remanded**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which JOHN W. MCCLARTY and W. NEAL MCBRAYER, JJ., joined.

Daniel A. Horwitz, Lindsay Smith, and Melissa K. Dix, Nashville, Tennessee, for the appellants, Joshua Debity and Leah Debity.

Melanie E. Davis, Maryville, Tennessee, for the appellees, David L. Richman and Christine N. Brooks.

**MEMORANDUM OPINION[1]**

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be

# I. FACTS & PROCEDURAL HISTORY

On October 14, 2021, David L. Richman and Christine N. Brooks ("Plaintiffs") filed a "Civil Warrant Restraining Order" in Blount County General Sessions Court against Joshua and Leah Debity ("Defendants").[2] The civil warrant sought a restraining order to restrain Defendants from "Coming about (within 150 feet) of Plaintiffs' residence and from disrupting quiet enjoyment of residence; privacy." In the space on the pre-printed form for "Facts supporting request," Plaintiffs wrote: "Defendants have harassed plaintiffs + invaded privacy by taking pictures of minor daughter (in bathing suit) + pictures inside open garage (from street)."

Defendants filed a petition to dismiss Plaintiffs' civil warrant pursuant to the Tennessee Public Participation Act, Tenn. Code Ann. § 20-17-101, *et seq.* The petition to dismiss asserted that Plaintiffs' civil warrant was "a SLAPP-suit filed against the Defendants in retaliation for exercising their First Amendment rights."[3] Specifically, Defendants claimed that Plaintiffs, who were members of the homeowners association in the parties' neighborhood, had filed the civil warrant in response to Defendants' request for approval of a wooden privacy fence that they contended was necessary and legally required in order to accommodate the needs of their disabled child. Defendants asserted that their actions constituted the exercise of the right to free speech regarding a matter of public concern, within the meaning of the TPPA. Thus, Defendants argued that dismissal of the civil warrant was warranted pursuant to the TPPA, which is Tennessee's Anti-SLAPP law. Defendants also sought a mandatory award of attorney fees in addition to "severe sanctions" pursuant to Tennessee Code Annotated section 20-17-107 of the TPPA.

Plaintiffs filed a response to the TPPA petition to dismiss, asserting that Defendants' actions in photographing their daughter and harassing Plaintiffs did not constitute protected speech. Thus, they argued that the court should deny the TPPA Petition and assess sanctions against Defendants pursuant to section 20-17-107.

After an evidentiary hearing, the trial court entered an order denying the Defendants' TPPA Petition "for the reasons set forth in the attached transcript."

---

cited or relied on for any reason in any unrelated case.

[2] Tennessee Code Annotated section 16-15-501(d)(1) provides that "general sessions judges shall have jurisdiction to issue restraining orders and to enforce the penalty provisions for violation of those restraining orders."

[3] "The term 'SLAPP' stands for 'strategic lawsuits against public participation,' meaning lawsuits which might be viewed as 'discouraging the exercise of constitutional rights, often intended to silence speech in opposition to monied interests rather than to vindicate a plaintiff's right.'" *Nandigam Neurology, PLC v. Beavers*, 639 S.W.3d 651, 657 (Tenn. Ct. App. 2021) (quoting Todd Hambidge, et al., *Speak Up. Tennessee's New Anti-SLAPP Statute Provides Extra Protections to Constitutional Rights*, 55 TENN. B.J. 14, at 14-15 (Sept. 2019)).

Defendants then filed a notice of appeal to this Court.[4]

## II. ISSUES PRESENTED

Defendants present the following issues for review on appeal:

1. Whether the Trial Court erred by adjudicating the Defendants' Tennessee Public Participation Act (TPPA) Petition based on live witness testimony taken during a post-briefing evidentiary hearing, rather than based on written materials submitted by the Parties "no less than five (5) days before the hearing" as contemplated by Tenn. Code Ann. § 20-17-104(c).
2. Whether, in response to the Defendants' TPPA Petition, the Plaintiffs "establishe[d] a prima facie case for each essential element of the claim in the legal action" under Tenn. Code Ann. § 20-17-105(b).
3. Whether the General Sessions Court erred by denying the Defendants' petition to dismiss this action pursuant to the Tennessee Public Participation Act.
4. Whether a restraining order is an injunctive remedy, rather than a cause of action.
5. Whether the Defendants are entitled to an award of attorney's fees, costs, and expenses regarding this appeal.

In their postures as appellees, Plaintiffs present the following issues for review:

1. Whether a Tennessee Public Participation Act ("TPPA") Petition under Tenn. Code Ann. § 20-17-105(a) is applicable to a Civil Warrant Restraining Order filed to protect Plaintiffs' home and family.
2. Whether the General Sessions Court erred in finding Plaintiffs' Civil Warrant Restraining Order was based on, relating to, or was in response to Appellants' right to free speech as required by Tenn. Code Ann. § 20-17-105(a).
3. Whether a trial court may consider live witness testimony as

---

[4] Tennessee Code Annotated section 20-17-106 provides, "The court's order dismissing or refusing to dismiss a legal action pursuant to a petition filed under this chapter is immediately appealable as a matter of right to the court of appeals. The Tennessee Rules of Appellate Procedure applicable to appeals as a matter of right governs such appeals."

We note that the trial court did not resolve Plaintiffs' request for sanctions upon dismissal pursuant to the TPPA. However, this Court has held that an order dismissing or refusing to dismiss the action "plainly satisfies the statutory definition of an 'immediately appealable' order," and the fact that the trial court did not address a "request for attorney's fees, costs, or sanctions is inapposite in light of the clear import of the statute." *Nandigam Neurology, PLC*, 639 S.W.3d at 663.

admissible evidence under Tenn. Code Ann. §§ 20-17-104(d) and 20-17-105(d) in adjudicating a TPPA Petition.

4. Whether the General Sessions Court correctly dismissed Appellants' TPPA Petition, finding that Plaintiffs met their burden for establishing a prima facie case under Tenn. Code Ann. § 20-17-105(b).

5. Whether Plaintiffs are entitled to an award of attorney's fees, costs, and expenses regarding this appeal.

For the following reasons, we vacate the decision of the general sessions court and remand for further proceedings.

## III. DISCUSSION

Although the parties raise a host of issues on appeal, we are unable to discern the trial court's reason for denying the TPPA petition from its oral ruling. A brief review of the TPPA's burden-shifting mechanism is helpful. "If a legal action is filed in response to a party's exercise of the right of free speech, right to petition, or right of association, that party may petition the court to dismiss the legal action" by filing a petition "within sixty (60) calendar days from the date of service of the legal action or, in the court's discretion, at any later time that the court deems proper." Tenn. Code Ann. § 20-17-104(a)-(b). According to the Act,

(a) The petitioning party has the burden of making a prima facie case that a legal action against the petitioning party is based on, relates to, or is in response to that party's exercise of the right to free speech, right to petition, or right of association.

(b) If the petitioning party meets this burden, the court shall dismiss the legal action unless the responding party establishes a prima facie case for each essential element of the claim in the legal action.

(c) Notwithstanding subsection (b), the court shall dismiss the legal action if the petitioning party establishes a valid defense to the claims in the legal action.

(d) The court may base its decision on supporting and opposing sworn affidavits stating admissible evidence upon which the liability or defense is based and on other admissible evidence presented by the parties.

(e) If the court dismisses a legal action pursuant to a petition filed under this chapter, the legal action or the challenged claim is dismissed with prejudice.

(f) If the court determines the responding party established a likelihood of prevailing on a claim:

(1) The fact that the court made that determination and the substance of the determination may not be admitted into evidence later in the case; and

(2) The determination does not affect the burden or standard of proof in the proceeding.

- 4 -

Tenn. Code Ann. § 20-17-105.

Here, the trial court's written order states, in its entirety:

> This cause came to be heard on the 4th day of March, 2022, on the DEFENDANTS' PETITION TO DISMISS THE PLAINTIFFS' CIVIL WARRANT-RESTRAINING ORDER PURSUANT TO THE TENNESSEE PUBLIC PARTICIPATION ACT. After hearing the testimony of the witnesses and the argument of counsel, the Court took the matter under advisement. The Court re-convened on May 13, 2022, for entry of judgment. Based upon the proof, the arguments of counsel for the parties, the post-trial briefs of the parties, and the record as a whole, the Court denies and dismisses the Defendant's Petition for the reasons set forth in the attached transcript. (Exhibit A).
> ACCORDINGLY, the DEFENDANTS' PETITION TO DISMISS THE PLAINTIFFS' CIVIL WARRANT-RESTRAINING ORDER PURSUANT TO THE TENNESSEE PUBLIC PARTICIPATION ACT is denied and dismissed. By agreement of the parties, this matter is set for trial on November 4, 2022.

The transcript that was attached to the final order includes the following oral ruling, which was announced when the court reconvened on May 13, 2022:

> Starting with my ruling directed to counsel, but most importantly to the parties, I do find that the SLAPP challenge does, in fact, fail based on the review of the proof, the reception of the proof, and the applicable case law. Coupling that with how specifically this civil restraining order petition is filed and tailored. It specifically speaks to the concerns regarding the photographs of the young lady being taken. So that is the Court's ruling.

Unfortunately, this incorporated oral ruling does not indicate why the trial court dismissed the TPPA Petition within the context of the burden shifting mechanism found in Tennessee Code Annotated section 20-17-105(a) through (c). There is no analysis of whether Defendants met their "burden of making a prima facie case that a legal action against the petitioning party is based on, relates to, or is in response to that party's exercise of the right to free speech, right to petition, or right of association," Tenn. Code Ann. § 20-17-105(a), whether Plaintiffs established "a prima facie case for each essential element of the claim in the legal action," Tenn. Code Ann. § 20-17-105(b), or whether Defendants established "a valid defense to the claims in the legal action." Tenn. Code Ann. § 20-17-105(c). Thus, we cannot discern the basis for the trial court's ruling from its written order and incorporated oral ruling. For instance, at first blush, the trial judge's comments in its oral ruling might appear related to subsection (a) and whether Defendants met their burden of

establishing that a legal action was filed against them in response to their exercise of the right to free speech. However, the transcript of the evidentiary hearing contains an oral ruling by the trial judge to the effect that Defendants had already made a prima facie case that would shift the burden to Plaintiffs. Notably, however, that oral ruling was not incorporated by reference into any written order. "'[T]he court speaks through its order, not through the transcript.'" *In re Rufus C.*, 660 S.W.3d 725, 742 (Tenn. Ct. App. 2022) (quoting *In re Adoption of E.N.R.*, 42 S.W.3d 26, 31 (Tenn. 2001)). The court's written order only states that at the conclusion of the evidentiary hearing the trial judge "took the matter under advisement." Thus, it is not clear whether the trial court ultimately reached a different conclusion in its written order, contrary to its earlier oral ruling, or whether it found that Plaintiffs established a prima facie case for each essential element of their claim pursuant to subsection (b). The oral ruling simply stated that "the SLAPP challenge does, in fact, fail" based on the proof and the case law, "[c]oupling that with how specifically this civil restraining order petition is filed and tailored" and "specifically speaks to the concerns regarding the photographs of the young lady being taken." Neither the written order nor the oral ruling mentioned Defendants' contention that they had established valid defenses within the meaning of subsection (c).

This Court has declined to speculate as to a trial court's rationale when we cannot discern the basis for its decision. *See, e.g.*, *Lugo v. Lugo*, No. W2020-00312-COA-R3-CV, 2021 WL 507889, at *5 (Tenn. Ct. App. Feb. 10, 2021). We have explained:

'It is this Court's purview to review, not assume or speculate. Without any facts in the trial court's order, we are forced to guess at the rational[e] the trial court used in arriving at its decision. This we cannot do.'

*Id.* (quoting *Harthun v. Edens*, No. W2015-00647-COA-R3-CV, 2016 WL 1056960, at *5 (Tenn. Ct. App. Mar. 17, 2016)). Because the trial court's written order does not contain the reasoning for its denial of the TPPA Petition, we vacate and remand for entry of an order explaining the trial court's decision. *See, e.g.*, *Buckingham v. Tenn. Dep't of Corr.*, No. E2020-01541-COA-R3-CV, 2021 WL 2156445, at *3 (Tenn. Ct. App. May 27, 2021) (concluding that "appellate review [was] hampered because the trial court's order [did] not apply any legal standard or contain legal conclusions regarding the sufficiency of the complaint or provide any reasoning for the dismissal" and vacating and remanding "for entry of an order setting forth the appropriate legal standard and reasons in support of the trial court's decision").

## IV. CONCLUSION

For the aforementioned reasons, the decision of the general sessions court is vacated and remanded for further proceedings. Costs of this appeal are taxed equally to the appellants, Joshua Debity and Leah Debity, and to the appellees, David L. Richmon and Christine N. Brooks, for which execution may issue if necessary.

_____
CARMA DENNIS McGEE, JUDGE